IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | Case No. **3:12CR355** |
| Plaintiff, | ) | |
| -v- | ) | Report & Recommendation |
| **Israel Morales-Verdugo,** | ) | |
| Defendant. | ) | |

Pursuant to General Order 99-49, this matter having been referred to United States Magistrate Judge Knepp for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for pre-sentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered, the following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On August 10, 2012, defendant, accompanied by counsel, proffered a plea of guilty.

2. Prior to such proffer, the defendant was examined as to his/her competency, advised of the charge and consequences of conviction, informed that the court may be required to

give consideration to the advisory Federal Sentencing Guidelines and of the possibility of a departure from the guidelines, notified of his/her rights, advised that he/she was waiving all his/her rights except the right to counsel, and, if such were the case, his/her right to appeal, and otherwise provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the court that no plea agreement was executed by the parties, and government counsel represented that no plea offers were made to defense counsel; the undersigned was advised further that no commitments or promises have been made by any party, and no agreements, written or unwritten, have been made between the parties.

4. The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant's plea was offered knowingly, intelligently, and voluntarily.

5. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the court.

/s/ James R. Knepp, II
James R. Knepp, II
United States Magistrate Judge

<u>Notice</u>

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to rule 5.3(b) of the Local Rules for this District, the parties have 14 days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within 14 days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in <u>United States v. Walters</u> 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.